

Joan B. Lopez
77 Water Street, Suite 2100
New York, New York 10005
Joan.Lopez@lewisbrisbois.com
Direct: 646.783.0985

September 25, 2024

**VIA ECF**
Hon. Judge Lewis Liman
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Diaz-Roa v. Hermes Law, P.C. et al*
              24-cv-02105-LJL

Dear Judge Liman:

      As Your Honor is aware, our firm represents Defendants in the above-referenced matter. We write to respectfully request that the Court adjourn the parties' Initial Conference and the deadline to submit a proposed Case Management Plan and Scheduling Order *sine die* and stay discovery while Defendants' dispositive motion is pending. Pursuant to the Court's Individual Rule 1(C), the parties conferred in good faith via telephone regarding Defendants' requests. Plaintiff declined to consent to Defendants' requests.

      On July 17, 2024, Defendants moved to compel arbitration, dismiss the Amended Complaint in its entirety for lack of personal jurisdiction and for improper venue, transfer the case to the Northern District of Texas, or in the alternative, dismiss the Amended Complaint for failure to state a claim ("Omnibus Motion"). (Dkt. Nos. 34-37) In their Omnibus Motion, Defendants also moved to stay discovery pursuant to Rule 26(c) while their dispositive motion is pending. Defendants' Omnibus Motion was fully briefed on August 21, 2024. (Dkt. Nos. 46-48)

      On September 20, 2024, the Court issued a Notice of Initial Pretrial Conference, setting the Initial Conference for November 1, 2024 and directing the parties to submit a proposed Case Management Plan and Scheduling Order a week before the November 1 Initial Conference. (Dkt. No. 52)

      "[U]pon a showing of good cause a district court has considerable discretion to stay discovery" pursuant to Fed.R.Civ.P. 26(c)." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*,

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

146250111.1

Hon. Judge Lewis Liman
September 25, 2024
Page 2

297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citations omitted). Courts consider: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Id.*

First, the anticipated discovery in the instant matter would be costlier, more time-consuming, and protracted compared to the narrow, more efficient, less intrusive, and less expensive discovery in arbitration. As stated in Defendants' Omnibus Motion (Dkt. No. 37, pg. 4), on May 13, 2024, Hermes Law and ClaimDeck initiated arbitration proceedings against Plaintiff with the American Arbitration Association ("AAA") in Dallas, Texas as required by the parties' Arbitration Agreement. The claims submitted to the AAA relate to Plaintiff's For Cause termination, the termination of her options to purchase ClaimDeck stock, and her lack of entitlement to equity in ClaimDeck. (Dkt. No. 50-7) In the AAA proceeding, Plaintiff and Defendants ClaimDeck and Hermes Law have an Arbitration Management Conference scheduled for October 10 with the appointed arbitrator and the parties are to submit a proposed scheduling order by October 8. **See Exhibit A.** In the instant matter, aside from Plaintiff's dismissible sexual harassment claims, which Plaintiff brought simply to "evade a binding arbitration agreement…by the expedient of adding facially unsustainable and quickly dismissed claims of sexual harassment", *see Yost v. Everyrealm, Inc.*, 657 F. Supp. 3d 563, 586 (S.D.N.Y. 2023), she also brings common law claims related to the termination of her employment and the termination of her options to purchase ClaimDeck stock. Hence, a stay of discovery here "serves to help prevent duplicative and inefficient litigation." *See Marsh & McLennan Agency LLC v. Williams*, No. 22-cv-8920 (JPC), 2023 WL 2242074, at *2 (S.D.N.Y. Feb. 27, 2023); *see also Oestreicher v. Equifax Info. Servs., LLC*, No. 23-CV-239 (NRM)(MMH), 2023 WL 3819378, at *2 (E.D.N.Y. June 5, 2023) ("[A]dditional discovery 'would be a potential waste of resources,' particularly because Experian seeks to compel arbitration in lieu of litigation.") (citation omitted).

Second, "[a] stay is warranted where a defendant's motion appears not to be unfounded in the law." *Alvarez v. Experian Info. Sols., Inc.*, No. 2:19-CV-03343, 2021 WL 2349370, at *2 (E.D.N.Y. June 7, 2021) (citation omitted). A discovery stay pending the determination of whether to compel arbitration or otherwise grant Defendants' dispositive motion is appropriate as the adjudication of the pending motion is likely to result in a dismissal, transfer, or stay of the entire matter, thereby obviating the need for costly and time-consuming discovery. *See Al Thani v. Hanke*, No. 20-CV-4765 (JPC), 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021) (finding good cause for a stay where "[t]here is a fully briefed, potentially dispositive motion, which could result in either dismissal or a stay of the claims against Rogers pending arbitration."). As argued in Defendants' Omnibus Motion (Dkt. No. 37, pgs. 7-10), the parties have a valid arbitration agreement, Plaintiff's claims in the instant matter are within the scope of the arbitration agreement, and, per the arbitration agreement, the arbitrator decides the arbitrability of Plaintiff's claims. As argued in Defendants' Omnibus Motion (Dkt. No. 37, pgs. 5-6, 29-33) and Reply brief (Dkt. No. 46, pg. 6-8), although Plaintiff raises sexual harassment claims under the New York State Human Rights Law and the New York City Human Rights Law, and the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA") makes pre-dispute arbitration agreements unenforceable with respect to sexual harassment claims that accrued on or after March 3, 2022, EFAA is not implicated here because Plaintiff's sexual harassment

Hon. Judge Lewis Liman
September 25, 2024
Page 3

claims are implausibly pled and therefore, subject to dismissal. *See Yost v. Everyrealm, Inc.*, 657 F. Supp. 3d 563, 588 (S.D.N.Y. 2023). Hence, Defendants' Omnibus Motion, particularly their motion to compel arbitration, is meritorious.

Finally, a stay would not result in any prejudice to Plaintiff as the instant matter is still in its early stage. *See Cohen v. Saraya USA, Inc.*, No. 23-CV-08079, 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024) (finding a stay of discovery was warranted because, in part, the "case is still in its early stages—a discovery schedule has not been set, discovery has not occurred, and depositions have not been taken."). Moreover, as Your Honor noted in *Pappas v. City of New York*, No. 23-CV-6010 (LJL), Dkt. No. 58 (S.D.N.Y. Jan. 26, 2024) where the Court granted Defendants' request to stay discovery, it is Defendants here who "would suffer prejudice if, as it turns out, the dispute is appropriately resolved in an arbitral forum using arbitral rules rather than in this Court under the Federal Rules of Civil Procedure." *citing Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1916 (2023) ("[M]any of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost—even if the court of appeals later concluded that the case actually had belonged in arbitration all along.").

In light of the foregoing, Defendants respectfully request that the Court adjourn the parties' Initial Conference and the deadline to submit a proposed Case Management Plan and Scheduling Order *sine die* and stay discovery while Defendants' dispositive motion is pending.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

*Joan B. Lopez*

Joan B. Lopez of
LEWIS BRISBOIS BISGAARD &
SMITH LLP

Cc: All Counsel of Record *via* ECF

Defendants' request to adjourn the Initial Pretrial Conference is DENIED.
The Court will convert the telephonic Initial Pretrial Conference scheduled for November 1, 2024 at 2 PM to an in-person conference in Courtroom 15C, 500 Pearl Street, New York, NY 10007.
The Court will hear argument and address the request for a stay of discovery at the conference.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

September 26, 2024