UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                         :

SILVIA DIAZ-ROA,                         :

                 Plaintiff,      :

                        :             24-cv-2105 (LJL)

       -v-                :

                        :       MEMORANDUM AND

HERMES LAW, P.C.; SYZYGY LEGAL TECH, INC.  :          ORDER

d/b/a CLAIMDECK; DWAYNE HERMES; and    :

ANDREA HERMES,                  :

                        :

               Defendants.     :

                        :
------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Before the Court are letters from the Defendants Hermes Law, P.C. ("Hermes Law"), Syzygy Legal Tech, Inc. d/b/a ClaimDeck ("ClaimDeck"), Dwayne Hermes, and Andrea Hermes (collectively, "Defendants") and Plaintiff Silvia Diaz-Roa ("Plaintiff" or "Diaz-Roa") seeking clarification as to the effect of the Court's November 1, 2024 Opinion and Order on the arbitration initiated by Hermes Law and ClaimDeck against Diaz-Roa in Dallas, Texas. Dkt. Nos. 61–62.

## BACKGROUND

On March 14, 2024, Hermes Law and ClaimDeck filed suit against Diaz-Roa in the United States District Court for the Northern District of Texas, seeking declaratory relief. *Hermes Law, P.C., et al. v. Silvia Diaz Roa*, 24-cv-00624-K (N.D. Tex); Dkt. No. 36-4.

Plaintiff filed the instant action in the United States District Court for the Southern District of New York on March 20, 2024, asserting claims for sexual harassment, breach of contract, violation of the New York Labor Law, tortious interference with contract, and conversion. Dkt. No. 1.

On May 13, 2024, Hermes Law and ClaimDeck initiated arbitration proceedings against Plaintiff with the American Arbitration Association in Dallas, Texas.  Dkt No. 36 ¶ 81; Dkt. No. 50-7.

Plaintiff filed an amended complaint on June 14, 2024, asserting the same causes of action as in her original complaint.  Dkt. No. 30.  On July 17, 2024, Defendants moved to compel arbitration, dismiss the amended complaint, or transfer the case to the Northern District of Texas.  Dkt. No. 34.  On August 8, 2024, Plaintiff moved to stay the arbitration proceeding.  Dkt. No. 41.

On August 8, 2024, the Texas court stayed the Texas action pending this Court's ruling on Defendants' challenges to personal jurisdiction.  Dkt. No. 48-1.  It is the Court's understanding that the Texas action has remained stayed since that date.

The parties fully briefed both Defendants' omnibus motion and Plaintiff's motion to stay the arbitration.  Dkt. Nos. 36–40, 42–43, 46–51.  In sum, with respect to the parties' disputes over arbitrability, Defendants argued that Plaintiff had entered into a binding arbitration agreement with Hermes Law and that because Plaintiff's claims fell within the scope of that agreement, the Court was obligated to compel arbitration.  Dkt. No. 37.  Plaintiff argued that she could not be compelled to arbitrate her claims because Defendants waived their right to arbitration and because the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA") rendered the arbitration agreement invalid and unenforceable with respect to this case.  Dkt. No. 40.  Defendants countered that they did not waive the right to arbitration and that the EFAA did not apply to the case.  Dkt. No. 46.[1]

---

[1] The much-discussed EFAA states, in relevant part:

> Notwithstanding any other provision of this title, at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute,

On November 1, 2024, the Court invited oral argument on the pending motions. Dkt. No. 56. Following argument, the Court issued an oral ruling staying the arbitration pending further order of the Court:

> I am going to stay the arbitration pending further order of the Court. It's not substantially opposed. In addition, it's my view that the stay is necessary for the Court to be able to reach the determination that the Court is charged with making as to whether the EFAA applies to the larger dispute between the parties, including with respect to the case as a whole. So the arbitration is stayed pending further order of the Court. I don't anticipate it taking me longer than towards the end of January, maybe sooner than that, to make a decision.

*Id.* at 44:4–13.

On November 21, 2024, the Court entered an Opinion and Order on Defendants' omnibus motion. Dkt. No. 58; *Diaz-Roa v. Hermes L., P.C.*, 2024 WL 4866450 (S.D.N.Y. Nov. 21, 2024). The Court held that Defendants had not waived their right to arbitration, but that, at Plaintiff's election, the EFAA rendered the arbitration agreement invalid and unenforceable with respect to the case. *See Diaz-Roa*, 2024 WL 4866450, at *9–23. The Court noted that "if the EFAA is properly invoked and applies, the pre-arbitration agreement is invalid and unenforceable with respect to the entire case." *Id.* at 13 (citing *Johnson v. Everyrealm, Inc.*, 657 F. Supp. 3d 535, 559

---

> or the named representative of a class or in a collective action alleging such conduct, no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute.
>
> …
>
> The applicability of this chapter to an agreement to arbitrate and the validity and enforceability of an agreement to which this chapter applies shall be determined by a court, rather than an arbitrator, irrespective of whether the party resisting arbitration challenges the arbitration agreement specifically or in conjunction with other terms of the contract containing such agreement, and irrespective of whether the agreement purports to delegate such determinations to an arbitrator.

9 U.S.C. § 402.

(S.D.N.Y. 2023)).  The Court accordingly denied Defendants' motion to compel arbitration with respect to all of Plaintiff's claims.  *See Diaz-Roa*, 2024 WL 4866450, at *9–23.  The Court additionally held that Plaintiff had adequately pleaded jurisdiction as to all Defendants except for Ms. Hermes, that venue was not improper, and that Plaintiff had adequately pleaded claims for sexual harassment under the New York City and State Human Rights Laws and for conversion under Delaware law.  *See id.* at *5–9, 23–24, 29–34, 36–37.  The Court accordingly denied Defendants' motion to transfer the case and granted in part and denied in part Defendants' motion to dismiss.  *See id.*  The Court granted Defendant's motion to dismiss without prejudice Plaintiff's claims for breach of contract and tortious interference with contract.  *See id.* at *34–42.  The Court granted Defendant's motion to dismiss with prejudice Plaintiff's claim for deprivation of wages under the New York Labor Law.  *See id.* at *41–42.

On November 15, 2024, Defendants filed a notice of interlocutory appeal of the Court's Opinion and Order pursuant to 9 U.S.C. § 16(a)(1)(B).  Dkt. No. 59.  The Second Circuit has not yet ruled on the appeal.

On December 12, 2024, the arbitration tribunal concluded that "the status of any judicial stay on these proceedings is ambiguous" and stayed the proceedings pending further order of the tribunal to "afford the parties to seek clarification from the SDNY and/or the Second Circuit as to the status of any judicial stay of these proceedings."  Dkt. No. 61-2 at 2.  On January 9 and 13, 2025, the parties submitted letters to the Court seeking clarification.  Dkt. Nos. 61–62.

Defendants now contend that the Court's orders do not bar Hermes Law and ClaimDeck from proceeding with "arbitration of the company's separate claim for declaratory relief regarding the parties' contract."  Dkt. No. 61 at 2.  Defendants explain that the arbitration seeks a ruling regarding the parties' rights and responsibilities under Plaintiff's contract.  *Id.* They argue that

"Defendants' motion to compel arbitration only concerned Diaz-Roa's claims pending in this Court and thus the Court's order, which did not grant Diaz-Roa's motion to stay arbitration has no impact on the claims pending in the arbitration." *Id.* They further argue that "the Court expressly stated the stay discussed at oral argument would remain in effect until further order of the Court," and that the Court's Opinion and Order did not expressly stay the arbitration and thus was such further order. *Id.* Finally, Defendants argue that their filing of the interlocutory appeal "stays the effect of the Court's order pending resolution of the appeal." *Id.* Plaintiff responds that because the Court denied Defendants' motion to compel arbitration, Plaintiff "cannot be compelled to arbitrate any of her claims." Dkt. No. 62 at 1.

## DISCUSSION

The Court begins with the question of whether, in light of the pending appeal, it retains the authority to provide clarification of its order staying arbitration. It does. An interlocutory appeal from an order denying a motion to compel arbitration automatically stays district court proceedings "that relate to any aspect of the case involved in the appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 744 (2023) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). "Thereafter the appellant is not usually entitled as of right to present new evidence or argument to the trial court, which in the exercise of a sound discretion *will exercise jurisdiction only to preserve the status quo as of the time of appeal*." *Ideal Toy Corp. v. Sayco Doll Corp.*, 302 F.2d 623, 625 (2d Cir. 1962) (emphasis added); *accord Int'l Ass'n of Machinists & Aerospace Workers*, AFL-CIO v. E. Air Lines, Inc., 847 F.2d 1014, 1018 (2d Cir. 1988); *Newton v. Consol. Gas Co. of N.Y.*, 258 U.S. 165, 177 (1922). In other words, "the filing of a notice of appeal does not completely divest a district court of jurisdiction to modify its interlocutory rulings, because a trial court has a long established right to make orders appropriate to preserve the status quo while a case is pending on appeal." *S.E.C. v. Xia*, 2024 WL 3447849, at *5 (E.D.N.Y. July 9, 2024) (quotation omitted).

This Memorandum and Order provides only the clarification that is necessary to preserve the status quo as of the time of appeal.

At oral argument, the Court stayed the arbitration "pending further order of the Court." Dkt. No. 56 at 44:10–11. The Court noted that Plaintiff's motion to stay the arbitration was "not substantially opposed" and that "the stay is necessary for the Court to be able to reach the determination that the Court is charged with making as to whether the EFAA applies to the larger dispute between the parties, including with respect to the case as a whole." *Id.* at 44:6–10; *see Video Tutorial Servs., Inc. v. MCI Telecomms. Corp.*, 79 F.3d 3, 5 (2d Cir. 1996) (per curiam) ("We would be hard-pressed to say that a district court cannot stay arbitration for a short time while familiarizing itself with the issues underlying a proposed motion to stay a suit pending arbitration, or a proposed motion to stay an arbitration."); *see also Burgos v. Ne. Logistics Inc.*, 2016 WL 899264, at *2 (E.D.N.Y. Mar. 2, 2016) ("The Court discerns no compelling reason for permitting defendants to force plaintiffs into an arbitration proceeding that postdates and runs parallel to this litigation even before the Court has determined that arbitration is appropriate.").

Implicit in the phrasing of the oral ruling was that the arbitration is stayed pending an order of the Court *that states otherwise*. The Court did not by those words indicate that literally any subsequent order, such as an order granting pro hac vice admission or adjourning a date, would lift the stay. The Court further informed the parties that it expected to issue a ruling on Defendants' omnibus motion by the end of January 2025. *Id.* at 44:11–13. By that, the Court intended to convey that its ruling on Defendants' omnibus motion would resolve the stay: either the motion to compel would be granted in whole or part and the stay would be lifted to permit the arbitration to proceed, or the motion to compel would be denied and the stay would remain in place in order to preserve the Court's jurisdiction. *See Burgos*, 2016 WL 899264, at *2 (granting motion for stay

of arbitration because "[s]hould defendants prevail on their motion [to compel arbitration], they will be able to resume arbitration" but "[u]ntil and unless that occurs, . . . it makes little sense to proceed with arbitration").

The Court's Opinion and Order held that Plaintiff could not be compelled to arbitrate any of the claims comprising the above-captioned case because, at Plaintiff's election, the EFAA rendered the arbitration agreement invalid and unenforceable with respect to the case. *See Diaz-Roa*, 2024 WL 4866450, at *13, 18 n.13, 23. The Court explained that "a requirement that the litigant split their claims, trying some in arbitration and others in court, 'would be inconsistent with Congress's stated purpose in enacting the EFAA: to empower claims by sexual harassment and/or assault victims that had been inhibited by proliferating arbitration clauses in employment agreements.'" *Id.* at *13 & n.9 (quoting *Baldwin v. TMPL Lexington LLC*, 2024 WL 3862150, at *8 (S.D.N.Y. Aug. 19, 2024)). Because the arbitration seeks declaratory relief concerning Plaintiff's termination and equity stake in Hermes Law and ClaimDeck, the arbitration necessarily overlaps with at least Plaintiff's surviving conversion claim before this Court. *Compare* Dkt. No. 30 *with* Dkt. No. 50-7. Any preclusive holdings resulting from an arbitration award would impede the Court's jurisdiction to decide the instant case which Congress, in passing the EFAA, indicated was to remain within the Court's jurisdiction. *See Allstate Ins. Co. v. Elzanaty*, 929 F. Supp. 2d 199, 216–21 (E.D.N.Y. 2013) (staying arbitration to preserve Court's jurisdiction); *Liberty Mut. Ins. Co. v. Excel Imaging, P.C.*, 879 F. Supp. 2d 243, 264 (E.D.N.Y. 2012) (same); *Jab Indus., Inc. v. Silex S.P.A.*, 601 F. Supp. 971, 979 (S.D.N.Y. 1985) (same). In other words, the Court understood that simultaneously denying the motion to compel and unstaying the arbitration would make the EFAA illusory: the party resisting the federal forum could frustrate its adversary's ability to litigate her case in a court by taking an interlocutory appeal from an order

denying a motion to compel and then, while the appeal was pending, race to the arbitral tribunal to try a case and obtain a preclusive award that would prohibit her from ever testing the merits of her claims in court. The Court accordingly did not lift the stay.

Defendants are not correct that the interlocutory appeal automatically stayed the effect of the Court's Opinion and Order on Defendants' omnibus motion or the Court's oral ruling on Plaintiff's motion to stay the arbitration. Although, "as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal," such a stay "is not a matter of right." *Nken v. Holder*, 556 U.S. 418, 421, 427 (2009) (quotations omitted); *see* Fed. R. App. P. 8(a) ("A party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal."). No motion to stay the effect of the Court's oral ruling or Opinion and Order has been made. The oral ruling granting the motion to stay and the Opinion and Order denying the motion to compel therefore remain in effect until and unless the Second Circuit vacates or reverses them. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[A]n order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings."); *see also Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal."); *accord Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 656 (2d Cir. 2004) (citing *GTE Sylvania, Inc. v. Consumers Union*, 445 U.S. 375, 386 (1980)).

To put the Court's clarification in simple terms, the arbitration remains stayed until such time as either the Court or the Second Circuit issue an order stating that the arbitration is unstayed.

SO ORDERED.

Dated: April 18, 2025
      New York, New York

_____
          LEWIS J. LIMAN
      United States District Judge